Judge Underwood,
delivered the opinion of the Court.
The plaintiffs in error were sued in the Mason circuit court, in an action of debt, by the defendant in error.
A writ issued, directed to the sheriff of Mason, who returned the same executed on Wood, and that Depew was no inhabitant of the county.
PeP®w’s letney lo xteed. Piras by DeP?w and 00 *
Motion for “aliaaa“oa’ 0v0lr" “
Abatement ns to Depew, pJ®0”®!?'*' menTrender^'
Dcpew had on no right to en-a defen-t1er.hlIPself trial,con-trlry (°the 0 a i8Ib: The re" ® right'to proceed a-Woo<of iplsodfksdfjsdfk
Depew, by letter of attorney, authorized Walker Deed, to acknowledge service of the process for him, which was done (but not ten days before the court to which the process was returnable) by filing letter of attorney, and acknowledgement endorsed thereon m the clerk’s ornee.
Depew and Wood, on the 11th day of the term, filed two joint pleas, both commencing and concluding in bar, and both of which were sworn to, by W. Reed. The first plea denies, that any such persons, as the plaintiffs were in existence at the time the writ issued, or at the time of filing the plea. The suit was set for trial, on the 10th day of the term.
On the calling of the cause for trial, Depew and Wood, by their attorney, moved for a continuance upon the ground, that Depew had not acknowledge ed service of process, ten days before court. The court refused to grant the continuance, upon the ground, that it was asked,,for purposes of delay.
The court rejected the picas filed, as being pleas in abatement, because theyJtvere not filed on the 10th day of the term, and proceeded to render judgment against Wood, disposing of the cause, as to Depew, by abatement. Various errors are signed, which need not be stated particularly.
1st. It is contended, that the court illegally refused to consider the case, This question depends on tile right which Depew had to enter himself a dant when process had not been and thereby, to procrastinate the¿muA-i«4^t||; ground, that he had not entered hjiKÍ^í^as a defendant, by confessing service of th^wit, before court. We cannot grant, thlttlJ^e’iWíau a right voluntarily to enter an appearance, and by to procrastinate the trial, and provisions of the act of 1812, whicnyfí declares, that when the sheriff shall retm^ffili?y0one of the defendants in the writ “ is not an inhabitant iplshis county,” the plaintiff may proceed to judgment against the others, without further proceedings against the defendant returned “not found.” The sheriff in this case returned, that Depew was not an inhabitant of Mason county. This return, gave the plaintiffs a legal right to proceed against Woo,d *380 alone, which cannot be defeated, by an act of Depew, against the will of the plaintiffs. The process having been executed on Wood, nfiore than ten days before court, at w'hich the suit was tried, it follows, that the court did not err in refusing a continuance,
con-ecMn rejeotingthe j]ea«.
it' plea rejected, though to haveSre-ar quired a deíhe'oause6*'']! rotbe^ent back for the purpose of inentonde^" murrer,entered against the n*33’ topped'by his note, from questioning the existence ^Vth'e'1" date of the note, Examination °SSPrigj¡y* Sr°_ Ltive in the Independent Bluikiy ,lf eis we[0 np. pointed, the p“:^0"¡jn0|!¡ge~
*380 it also results, that the cause was properly'set for tr‘a* on l^e ^th ^ay ^,e term> although the writ had been executed on Wood, alone ; and hence, if the pleas filed were jileas in abatement, they came too fate and were properly rejected by the court. The parties in the court below seem to have treated the jileas, as pleas in abatement. They were doubtless verified on oath, under that idea. As to the second, we have no doubt that it contained matter in abatement only, although it commenced and concluded in bar, and was, therefore, properly disregarded. As to the first plea, it is doubtful whether its matter should be regarded as matter in abatement or bar, but whether it belongs to one or the other class, we are of opinion it constituted no defence to the ac•iion,.and was, therefore, properly rejected. Pleas not adapted to the nature of the action, may be regarded as nullities. Crew’s administrator vs. Newland, 3 Monroe, 136. Pleas rejected by the court and which constitute no defence, although they may seem to be adapted to the nature of the action, cannot deserve greater consideration.
If the first plea is bad, it would be a useless waste of time to reverse the cause, when no other purpose could be answered by so doing, than to let jn a clemurrer to the plea, in order to have judgment rendered for the jilaintiffs on demurrer. The valid-l^ie ^rst I^ea*s as fa'rty presented now as it w(mld havé been had it come up on a demurrer to it. And the reasons which induce us to decide the plea bad, are these. The note sued on estops the defendants, and will not permit them to deny the legal existence of the plaintiffs, at the date of the note; besides, we know, as matter of law, that the plaintiffs then had a corporate existence. We also lcnow> as matter of law, that the plaintiffs had such existence at the time of issuing the writ, and at the time of filing the plea, as authorized t]iem to main-* tain their action.
Depew, for plaintiff; Brown, for defendants.
It was supposed in argument, that an examination of the acts relative to the Independent Banks, would show that the plaintiffs had no legal corporate existence, for the purpose of maintaining their suit at the date of the writ, and when tiie plea was filed. The opposite conclusion has resulted from the examination. The act of 10th February, 1820, repealing the charters of the Independent Banks, continued their powers to sue until the 1st of January, 1823. An act passed 7th January, 1824 ; Section 14, in connexion with section 11, gives those institutions power to sue until 1st of March, 1827. This suit was institutea and decided m 1826. It is clear, therelore, that the plea was against law, unless something can he found taking the Bank of Limestone out of the general provisions of the statutes referred to, and making it an exception. The 12th section,of the act last referred to, is relied on as having that effect. It cannot. That section only confirms the appointment and election of certain officers, and vests power in them for one year. If their appointments were never renewed, and no others elected in their places, it would not foiloiv-tiiat the corporation was thereby dissolved. But it does not appear from the jilea, nor the affidavit in sujiport thereof, that commissioners were not appointed to dose the concerns of the Bank of Limestone, (which, under a state of case, that probably existed, and which is not negatived, could have been done,) after the exjiiration of the year, during which Langhorn and others, under the said 12th section, were authorized to act. If commissioners were never appointed, we do not concede that such an omission would, if shown, defeat the action. We jierceive no error in the record, and if, as .has been stated in argument, one of the defendants is entitled to a set off, the law will furnish redress, and we feel assured, that the legal research and talent, of the gentleman concerned, will not fail to point out the jirojier remedy.
The judgment is affirmed with costs, but without damages, as the supersedeas was granted in a manner* which this court cannot recognize.